No. 17,928.

ARTHUR L. ALLEN, ETC. *v.* STERLING P. CROUCH, ET AL.
(307 P. [2d] 815)

Decided February 25, 1957.

Messrs. BELLINGER & FARICY, for plaintiff in error.

Messrs. PHELPS, FONDA & HAYS, for defendants in error.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court where plaintiff in error was plaintiff and defendants in error were defendants. Plaintiff's action was one to recover $1,275.38 damages on account of admitted negligence on the part of defendants' driver in running into the rear left end of plaintiff's car with a vehicle belonging to defendants. The sole issue submitted was the amount of plaintiff's damages and the jury returned its verdict in favor of plaintiff in the sum of $450.00. Judgment was entered on the verdict and plaintiff brings the case here on writ of error, claiming that the trial court erred in not entering judgment notwithstanding the verdict in his favor in the sum of $1,275.38.

It is argued that the evidence is undisputed that the difference between the value of plaintiff's automobile before and after the accident entitled plaintiff to a judgment in the sum of $1,275.38. Not so. The case was submitted to the jury under instructions not here complained of by plaintiff and as we read this record we are convinced that the question of damages was a matter to be determined by the jury as a fact finding body, and it will not be disturbed.

We do not agree that there is undisputed competent evidence in this record upon which a verdict of $1,275.38 could be returned by a conscientious jury. No cross-error is assigned by defendants. We mention this because certain tendered evidence on behalf of defendants was, as we deem it, improperly rejected by the trial court.

The plaintiff treads on dangerous ground in complaining of the amount of the verdict of the jury when, as here, much of the pertinent evidence concerning the cost of repairs and the subsequent sale of plaintiff's car was, we think, erroneously rejected by the trial court.

From this record it appears that the jury was reasonably liberal in its award. The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.